UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN C. AVERY,

                Petitioner,

v.                                   Case No. 3:08-cv-186-J-33HTS

WALTER A. MCNEIL,
et al.,

                Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Brian C. Avery, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on February 21, 2008.[1]  Petitioner challenges a 2004 state court (Clay County, Florida) judgment of conviction for second degree murder on four grounds: (1) Petitioner's procedural due process rights were

---

[1] The Petition (Doc. #1) was filed in this Court on February 21, 2008; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (February 20, 2008). See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

violated when the state trial court failed to sua sponte hold a competency hearing before accepting the plea offer; (2) the state trial court committed a fundamental constitutional violation by accepting a plea to a criminal offense for which Petitioner is not guilty based on facts before the court; (3) counsel was constitutionally ineffective for failing to file a motion to suppress his statements; and (4) Petitioner's due process rights were violated due to the fundamental defect in the charging Information, thus rendering the court's minimum mandatory ten-year sentence illegal.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss (Doc. #9) (hereinafter Response).[2] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #7). Petitioner claims he is "actually innocent" of the second degree murder to which he pled guilty and therefore the issue of timeliness is irrelevant. See Petition at 14; Petitioner's Reply Motion and Opposition to Respondents' Response for Summary Judgment (Doc. #11) at 9.

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

The following procedural history is relevant.  On July 31, 2003, the State of Florida filed a one-count Information against Petitioner Avery in the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida, charging Petitioner Avery with second degree murder.  Ex. C.  On September 23, 2004, pursuant to a plea agreement with the State, Petitioner Avery entered a plea of guilty to the charge of second degree murder.  Ex. A at 4; Ex. D; Ex. F at 134-58, Transcript of the Plea and Sentencing Proceedings (hereinafter Plea Tr.).  Petitioner was convicted and sentenced to twenty (20) years of incarceration with a ten (10) year minimum mandatory sentence.  Ex. A at 4; Ex. E; Ex. F at 117; Plea Tr. at 156.  Judgment was entered on September 28, 2004.  Ex. A; Ex. D.  No direct appeal was taken.  Ex. A at 4-5; Ex. F at 117; Petition at 3.

Therefore, Petitioner's conviction became final thirty days later on October 28, 2004.  See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, his conviction becomes final when the thirty-day period for filing a direct appeal expires).  Thus, Petitioner should have filed his Petition in this Court on or before October 28, 2005, unless he had any properly filed applications pending in state court that tolled the one-year limitations period.

Petitioner did not file any applications for post-conviction relief in state court until March 23, 2006, when he filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 in the trial court. Ex. F at 1-53. At the time he filed this motion, the one-year limitation period had already expired.[3] On May 23, 2006, the trial court summarily denied the motion. Id. at 117-59. On December 10, 2007, the appellate court per curiam affirmed without issuing a written opinion. Avery v. State, 971 So.2d 119 (Fla. 1st DCA 2007); Ex. H. The mandate was issued on January 28, 2008. Ex. I.

Thus, the Petition, filed February 20, 2008, is untimely filed in this Court. Petitioner was given the opportunity to address why the dictates of the one-year limitation period should not be imposed upon him. Petitioner claims that the Court should reach the merits of his claims despite any untimeliness of this action because he is actually innocent of the second degree murder, to

---

[3] When post conviction motions are filed after the expiration of the federal limitation period, the motions cannot toll the limitation period because there is no period left. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

which he pled guilty and received a twenty-year sentence. In explaining why the one-year statute of limitations does not bar the Petition, Petitioner Avery contends:

> Due to the fundamental constitutional claims raised in state courts and now properly exhausted; Petitioner's claims herein are timely filed, therefore Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is inapplicable. Especially since Petitioner is "actually innocent" of primary charge of 2nd degree murder; making plea offer and sentences fundamentally illegal. Therefore, whether or not such claims are timely makes no difference in this case because correcting a fundamentally unjust incarceration must give way to any procedural default.

Petition at 14.

To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of Petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

6

> have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

Thus, this Court finds that Petitioner has not made a showing of actual innocence. He has failed to establish that his guilty plea "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted); United States v. Montano, 398 F.3d 1276, 1285 n.8 (2005); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2nd Cir.) ("Where the defendant pleaded guilty (as in the instant case), and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same – *i.e.*, the petitioner still must show that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'") (citations omitted), cert. denied, 531 U.S. 873 (2000).

The record contradicts any claim of actual innocence. During the plea colloquy, Petitioner stated under oath to the trial judge that he understood the plea agreement. Plea Tr. at 140-43. Further, he affirmed that he understood that, by pleading guilty to second degree murder, he would be giving up any defenses that may

exist for the charge of second degree murder.  Id. at 143, 144. While the record does reflect that Petitioner was taking medication at the time of the taking of the plea, the trial judge clarified for the record that Petitioner understood the plea agreement and understood the plea colloquy.  Id. at 143-44.  Additionally, defense counsel stated:

> Your Honor, the negotiations as to the mental health -- and we had talked about that, and for the record we need to put down that Mr. Avery was examined, found to be incompetent, and was committed.  He was then brought back, found to be competent.  We had him examined again.  He was found to be competent.[4]  He's on medication, Your Honor.

Id. at 136-37.  The prosecutor followed up on Petitioner's attorney's statement.

> And I just want to confirm what Mr. Hellmuth said, that some of the -- all the experts agreed he was incompetent originally, but these medications he mentioned have helped him to be competent.  And on today's date we believe he is both competent and that he was not insane at the time of the crime, that he may have some mental health issues that he can get help for, but that he was not insane when he killed Kyle.

Id. at 156.

---

[4] See Petitioner's Appendix (Doc. #12), Exhibit A, Psychiatric Evaluation Final Report by Dr. Corinne J. Belsky, M.D. and Wade C. Myers, M.D., dated August 17, 2004 (stating Mr. Avery is competent to proceed).

The prosecutor, at the plea and sentencing proceedings, set forth the factual basis for the guilty plea to second degree murder:

> Your Honor, should this case had proceeded to trial, the state would be prepared to prove that this defendant did, on December 26th, 2002, in the county of Clay and the state of Florida, unlawfully and by an act imminently dangerous to another, take a human life.
>
> The evidence would show that this defendant, Brian Avery, was with his very good friend Kyle Lavender at Kyle's home and that the two young men spent a lot of time together and they were there together, as they often were. And although the two of them were the only ones there, we believe the evidence would show that an argument ensued and that this defendant, Brian Curtis Avery, did shoot to death a human being, Kyle -- Keith Kyle Lavender, by gunshot wound to the head.
>
> Although this defendant's admission ultimately in July 2003 included some discussion of possible self-defense, we believe that the evidence would have shown that there was no struggle and that the defendant did shoot the said Keith Kyle Lavender out of anger and a depraved mind regardless of human life.
>
> During the commission of that aforementioned second-degree murder, Brian Avery did possess a firearm, and he committed those crimes contrary to the provisions of Florida Statutes section 782.04(2) and 775.087.

Id. at 144-45. Unquestionably, the facts in the record were sufficient to establish a factual basis that Petitioner committed second degree murder. After the prosecutor stated the above-cited

9

factual basis for the charge of second degree murder, Petitioner's counsel stated, "No exceptions, Your Honor."  Id. at 145.

After reviewing the entire record before this Court, it is evident that Petitioner has failed to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt.  Petitioner has failed to identify any evidence that was unavailable which would support a claim of actual innocence.[5]  The Court finds Petitioner's allegations of actual innocence to be insufficient.

Finally, Petitioner has not set forth any facts showing he is entitled to equitable tolling.  The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007); Downs v. McNeil, 520 F.3d 1311, 1318 (Fla. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008).  Petitioner has not met this burden.

---

[5] The medical reports provided by Petitioner were available to the defense prior to the plea and sentencing proceedings on September 23, 2004.  The reports contain experts' recommendations based on psychological and psychiatric evaluations, dated July 30, 2003, August 20, 2003, and February 25, 2004, and August 3, 2004. See Petitioner's Appendix (Doc. #12), Exhibit A.

10

Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 2nd day of June, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

sc 5/30
c:
Brian Curtis Avery
Assistant Atorney General (Heller)

11